COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JOSE VALDEZ-MARTINEZ, | § | No. 08-17-00193-CR |
| Appellant, | § | |
| v. | | Appeal from the |
| | § | |
| THE STATE OF TEXAS, | | 171st District Court |
| | § | |
| Appellee. | | of El Paso County, Texas |
| | § | |
| | | (TC# 20160D03097) |
| | § | |

## MEMORANDUM OPINION

Appellant Jose Valdez-Martinez was convicted on two counts of indecency with a child by engaging in sexual contact. *See* TEX.PENAL CODE ANN. § 21.11(a)(1). He was sentenced to three years in prison. Two issues have been raised on appeal. First, Appellant challenges two separate evidentiary rulings, both sustaining hearsay objections. Second, he contends that the State improperly sought to shift its burden of proof. We affirm.

The complainant was around seven years old at the time of two incidents of indecent sexual contact by Appellant. She was in high school at the time of her outcry and at the time of trial. Because there is no challenge to the sufficiency of the evidence to support the convictions, and in the interest of protecting the identities of the implicated minors, we limit our discussion of the

factual and procedural background of this appeal to the information necessary to analyze the discrete issues raised about various trial rulings.

## I.  Rule 803(3) hearsay exception for statement of declarant's state of mind

Appellant challenges two evidentiary rulings, each sustaining hearsay objections. In each instance, Appellant invoked Rule 803(3)—an exception to the hearsay rule for a statement of a declarant's then-existing mental, emotional, or physical condition—to justify the admission of evidence of a speaker's state of mind.  First, on cross-examination Appellant attempted to elicit from the complainant's mother testimony that when she learned from a Child Protective Services worker about the complainant's outcry relating to Appellant, she also learned that the complainant made a separate outcry implicating another person.  Later, defense counsel attempted to elicit from Appellant's daughter evidence about untruthful statements made by the complainant, as examples supporting testimony that the complainant had a reputation as an untruthful person.

"Hearsay" is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." TEX.R.EVID. 801(d).  Hearsay is generally inadmissible unless otherwise provided by statute or the Rules of Evidence.  *See* TEX.R.EVID. 802.  The exception relied upon by Appellant in this appeal applies to:

> ***Then-Existing Mental, Emotional, or Physical Condition.*** A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

2

TEX.R.EVID. 803(3). We generally review evidentiary rulings for abuse of discretion, and we will not find error in an evidentiary ruling unless it was outside the zone of reasonable disagreement. *See, e.g.*, *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex.Crim.App. 2009).

### a. Separate outcry

Outside the presence of the jury, defense counsel elicited from the complainant's mother proposed testimony that while receiving in-patient counseling at University Behavioral Health Center (UBH), in addition to an outcry against Appellant, the complainant also made a separate outcry that accused another person of sexual abuse. The mother confirmed that she learned of both outcry statements in the same phone call she received "from CPS." The mother was not present at the time the complainant made her outcries to a therapist at UBH, and she did not know any details relating to the other outcry. The State objected to the proposed testimony based on irrelevance, hearsay, and unfair prejudice. The trial sustained the hearsay objection.

Appellant contends that the mother's testimony was admissible as evidence of the complainant's state of mind, pursuant to the hearsay exception in Rule 803(3). But that exception "applies only to a statement of the declarant," and it "'does not authorize receipt of a statement by one person as proof of another's state of mind.'" 2 Steven Goode & Olin Guy Wellborn III, *Texas Practice: Guide to the Texas Rules of Evidence* § 803.6 (4th ed. 2019)(quoting *Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1265 (7th Cir. 1993)). The witness—complainant's mother—had never discussed the separate outcry with the complainant, she only learned of it from the CPS worker. For purposes of the hearsay exception, the declarant was the CPS worker, not the complainant. As such, Rule 803(3) did not provide a basis for admitting double-hearsay about what the complainant told the CPS worker, who then told the complainant's mother. Moreover,

as observed by the trial judge, the same information could be (and ultimately was) elicited directly from the complainant herself. *See* TEX.R.APP.P. 44.2(b).

### b. Extrinsic evidence of complainant's untruthfulness

As part of Appellant's case-in-chief, he called his daughter, L.V., to testify in his defense. L.V. had known the complainant her entire life, and she testified that the complainant had a reputation for being "untruthful." *See* TEX.R.EVID. 608(a)(witness's credibility may be attacked by testimony about the witness's reputation for having a character for untruthfulness); *see also* TEX.R.EVID. 608(b)("a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness"). Defense counsel then asked L.V. to provide an example of the complainant's untruthfulness. The witness testified that when she and the complainant were "around twelve," the complainant told her "a whole story about how she met this guy at the park, that they were dating." According to L.V., the complainant "went on with the story for about . . . four months," but then a "couple of months later" she admitted she had been lying about it.

Defense counsel then asked: "What kind of things did she tell you, her, and her boyfriend did?" The State objected on the ground of hearsay, and defense counsel responded that it "goes to the state of mind," again invoking Rule 803(3). The trial court sustained the hearsay objection.

In the trial court, Appellant did not argue that the hearsay rule did not apply, but instead argued for application of the Rule 803(3) exception because the complainant's "state of mind" justified eliciting evidence of what complainant, at age twelve, falsely claimed she and her fictious boyfriend "did." Similarly on appeal, Appellant contends that an exception to the hearsay rule applied, and because the trial court sustained the hearsay objection, the jury "never heard from the witness examples of the many times [the complainant] would make-up sexual situations or make-

4

up boyfriends for purposes of getting attention," thus limiting his ability to demonstrate the complainant's "motive and state of mind."

Among other arguments, the State notes that Appellant made no offer of proof concerning the substance of the excluded evidence. To preserve error in a ruling to exclude evidence, the party must inform the court of its substance by an offer of proof, unless the substance was apparent from the context. *See* TEX.R.EVID. 103(a); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex.Crim.App. 2009)(primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful; secondary purpose is to permit the trial judge to reconsider the ruling in light of actual evidence). There was no formal offer of proof about how Appellant's daughter would have answered the question, nor any context to suggest that the answer involved made-up "sexual situations . . . for purposes of getting attention." We conclude that Appellant did not preserve error by presenting a record to establish that his substantial rights were harmed by the exclusion of evidence that the complainant, at age twelve, lied about sexual engagements with fictitious boyfriends to seek attention. TEX.R.EVID. 103(a); TEX.R.APP.P. 44.2(b). Accordingly, we overrule Appellant's first issue.

## II.     Impermissible burden-shifting

In his second issue, Appellant contends that the State impermissibly attempted to shift the burden of proof through its cross-examination of a witness. Appellant's wife was called as part of the defense case, and on direct examination she testified that she never spoke to the police about the criminal allegations against her husband, and that the police never asked her or their daughter about it. On cross-examination, the prosecutor asked whether the witness had called the police to ask them to take a statement from her daughter. She said she had not done so. The prosecutor then began to ask whether she thought "that would have been helpful, to further exonerate, to show

5

the --." Defense counsel objected to the relevance of the question, which the trial court sustained. Counsel then asked that the jury be instructed to disregard the question, and the trial court complied.

The prosecutor then asked for "a little bit of leeway in that realm," arguing that the witness had "opened up that door," and if she or her daughter "wanted to give statements at the time, they're free people. They could have called the cops and said, we want to give a statement." Defense counsel again objected, this time stating that the prosecutor was "shifting the burden." Counsel argued that "[i]t is not a private citizen's responsibility to know what the police are investigating." She further argued that the prosecutor had "made a speaking objection, in front of this jury, shifting the burden. It is not [the witness's] responsibility to exonerate a person who is innocent until prove[n] guilty." The trial court sustained Appellant's objection. After a conference at the bench, the judge instructed the jury to disregard the prosecutor's remarks, reminding them that "the burden has always been, and still remains, on the State."

On appeal, Appellant argues that the trial court abused its discretion and failed to "cure the error created by the State when it shifted the burden of proof" to him. Among other arguments, the State argues that Appellant failed to preserve error by pursuing his objection to an adverse ruling. The trial judge sustained Appellant's objections and gave all requested instructions for the jury to disregard the prosecutor's statements; accordingly, Appellant received all the relief he requested at trial.

To preserve error for appellate review, the record must show not only that a complaint was made to the trial court by timely objection, but also that the trial court ruled on the request (or refused to do so). *See* TEX.R.APP.P. 33.1(a). Critically, the objection must be pursued to an adverse ruling, otherwise there is nothing to appeal. "The essential requirement is a timely,

6

specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004).

Appellant did not request a mistrial after the trial court sustained his objections and instructed the jury to disregard the prosecutor's comments. *See id*. ("the traditional and preferred procedure for a party to voice its complaint has been . . . (1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient"). And although Appellant's brief also references the denial of a motion for new trial, that motion did not re-urge the specific issue relating to the prosecutor's purported burden shifting. Accordingly, we conclude that Appellant failed to preserve error, and we overrule his second issue.

## Conclusion

We affirm the judgment of conviction.

September 25, 2019

MICHAEL MASSENGALE, Former Justice

Before Rodriguez, J., Palafox, J., and Massengale, Former Justice
Massengale, Former Justice (Sitting by Assignment)

(Do Not Publish)

7